MASON & RISCH CO. v. KILLOUGH MUSIC CO.

1. EXECUTION.—An execution issued on a judgment before it is entered
on the "Abstract of Judgments," as required by sections 300, 301, and
308 of the Code of Civil Procedure, *is void*.
2. ADVANTAGE OF IRREGULARITY.—The defendant against whom such
judgment was obtained is the only person who can take advantage of
such irregularity.

Before FRASER, J., Sumter, December, 1894.    Affirmed.

Motion to set aside execution for illegality.    Motion
granted.    Plaintiff appeals.

The following is the order of his Honor, Judge Fraser,
and plaintiff's exceptions:

This case is before me at chambers on a motion to set
aside an execution issued in the case, and for other relief.
The facts stated in the motion papers are not controverted,
and it is not necessary to restate them in this order.    I am
satisfied that the clerk had no right to issue the execution
before the entry of the judgment, and that a mere filing
with the clerk of formal judgment made out by plaintiff's
attorneys is not such an entry of judgment as is contem-
plated by the Code.    The judgment, as I understand the
cases, is not entered until entered by the clerk in the ab-
stract of judgments.    I am inclined, however, to think that
issuing of the execution the day before the judgment was
entered on the abstract of judgments was a mere irregu-
larity, and that the execution is not void, but merely voida-
ble.    I adopt the view of the law I find in Freeman on
Executions, sec. 25, as follows: "But a very decided pre-
ponderance of the authorities is against the first decision
above refered to, and in favor of the proposition that the
premature issuing of an execution is an irregularity merely.
The execution is erroneous; but, like an erroneous judg-
ment, it must be respected and may be enforced, until it is
vacated in some manner prescribed by law.    No one but
the defendant can complain of it, and even he cannot do so

in a collateral proceeding." If the execution is void, the objection may be made collaterally, whenever it may be set up as against the defendant or any one claiming under him; whether, however, it is void or only voidable, it may be quashed on motion in the cause made by defendant. Freeman on Executions, sec. 73.

The order made by Judge Townsend for leave to enter judgment immediately cannot be reviewed here. The fact that defendant executed a general assignment between the order of Judge Townsend, the issuing of the execution and the levy thereunder on the one hand, and the entry of the judgment on the abstract of judgments, cannot affect the rights of the defendant on this motion. He certainly has an interest that the amount and value of the property going under his assignment to his creditors shall be as large as possible, so as at least to give some inducement to them to accept in full, and for aught that is known, or ought to be known in this case, there may be a surplus coming to him. I do not think the question of notice answering for entry on the abstracts has any bearing on this case.

It is, therefore, ordered and adjudged, that the execution in this case be set aside and the levy made by the sheriff be vacated and set aside, and this order is to be without prejudice to the right of plaintiff to issue another execution on said judgment now entered in the abstract in the manner prescribed by law.

The plaintiff herein, the Mason & Risch Vocalion Co., limited, appeals to the Supreme Court on the following grounds:

First. Because his Honor, Judge T. B. Fraser, erred in not holding that the motion to set aside execution could not properly be made by the Killough Music Co., nor could it appear in Court, all its rights in this action having been previously transferred with all other of its chattel property to W. M. Brown, as assignee, for the benefit of its creditors.

Second. Because his Honor erred in not holding that the statute directing clerks to enter judgments in the "abstract of judgments" book before issuing execution is directory and not mandatory, and that the lien of the execution so issued was valid.

Third. Because his Honor erred in not holding that the levy on the property under the execution constituted a valid lien.

Fourth. Because his Honor erred in not holding that the failure of the clerk to enter the judgment in the "abstract of judgments" book was a mere irregularity, which could be corrected by amendment, and said execution was not, therefore, voidable.

Fifth. Because his Honor erred in not refusing said motion to set aside execution.

*Messrs. Johnsons, DeJongh & Hanckel,* for appellants.

*Mr. P. A. Wilcox,* contra.

Sept. 9, 1895.   Opinion of the court was delivered by

MR. JUSTICE GARY.   On the 12th of September, 1895 (mistake for 1894), the plaintiff took judgment by default against the defendant for the sum of $858.76, and obtained leave from his Honor, Judge Townsend, to enter up judgment immediately, on the ground, as set forth in an affidavit, that defendant had threatened to make an assignment if any judgment was taken against him.   Judgment was shortly afterwards signed and sealed by the clerk of court, who also, at the request of plaintiff's attorneys, issued execution upon said judgment.   The sheriff, upon the same day, levied upon certain personal property of the defendant.   Thereafter, and on the same day, the defendant made an assignment for the benefit of its creditors.   On account of the pressure of his duties in the court room, which required his constant presence, the clerk of the court did not enter the judgment in the book called "Abstract of Judgments" until the following day—13th September.

The case then came before his Honor, Judge Fraser, at chambers, on a motion by the defendant to set aside the execution and for other relief. The order of his Honor, Judge Fraser, together with appellant's exceptions, will be incorporated in the report of the case. It will not be necessary to consider the exceptions *seriatim.*

Section 300 of the Code provides, that the clerk shall keep among the records of the court a book for the entry of judgments, called the "Abstract of Judgments." Section 301, *Id.*, provides how each case shall be entered after judgment or final order. The provisions of this section are substantially incorporated in section 783 of the Revised Statutes. Section 308 of the Code is as follows: "The execution must be directed to the sheriff, * * * attested by the clerk, subscribed by the party issuing it, or his attorney, and must intelligibly refer to the judgment, stating the court, the county where the judgment roll or transcript is filed, the names of the parties, the amount of the judgment if it be for money, the amount actually due thereon, and the time of docketing in the county to which the execution is issued," &c. A judgment, as defined by the Code, is the final determination of the rights of the parties in the action. This final determination of the rights of the parties in the action takes place when the *court* does all that it is required to do in determining those rights, and it is not the less a judgment because certain requirements of the statute have to be complied with so as to enforce it by execution, give it a lien on real estate, make it competent evidence, or effectual for other purposes. In the case of *Clark* v. *Melton*, 19 S. C., 498, the Court says: "To give force and effect, however, to this judgment, it is true that a formula was required to be prepared and filed in the clerk's office, and to be entered in the book entitled 'Abstract of Judgments,' and, under an act of the General Assembly, the clerk in whose office this formula was filed was required to date it and endorse his official signature. It will be observed, however, that

this formula, &c., did not constitute the judgment of the court, nor did the date or signing by the clerk with his official signature add anything to its intrinsic character. The judgment issues from the court, not from the attorneys or the clerk; it precedes the formula, and is authority upon which the formula is prepared; but the formula constitutes no part of the judgment. It is only evidence of the existence of the judgment, and enables the plaintiff to have it enforced. The judgment, as we have said, is the judicial determination of the rights of the parties; but it is not self-operative; it can not enforce itself; it becomes necessary, therefore, that some machinery should be adopted to secure to the successful party the fruits of his recovery. Hence it was provided by act that a supposed copy of the judgment pronounced by the court should be filed in the clerk's office, which being done, gave a lien on the property of the debtor, and authorized the issuing of a *fi. fa.* for its enforcement; and the object of the act in requiring that this paper should be dated and signed officially by the clerk no doubt was, that all parties should have the means of knowing of the lien, so that all persons dealing with the debtor might be put upon their guard." In section 106, vol. 1, of Black on Judg., it is said: "That the rendition of a judgment is the judicial act of the court in pronouncing the sentence of law upon the facts in controversy as ascertained by the pleadings and verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in

abeyance until it is put upon the record.  \*  \*  \*  There are certain purposes, however, for which a judgment is required to be duly entered before it can become available, or be attended by its usual incidents. Thus, as above remarked, this is a prerequisite to the right of appeal. And so a judgment must commonly be docketed before it can create a lien upon land, and in some of the States (though not all) the priority among different liens is determined by their respective dates of docketing. And, again, the record entry of a judgment is indispensable to furnish the *evidence* of it, when it is made the basis of a claim or defense in another court. But with these exceptions, a judgment is independent of the fact of its entry, and in all cases the distinction between rendition and entry is substantial and important." Section 308 of the Code, hereinbefore set forth, and the other provisions of the Code relative to executions, all show that the law contemplates an entry of the judgment in the book entitled "Abstract of Judgments" before the execution can properly be issued. The failure of the judgment creditor to enter his judgment in the book of "Abstract of Judgments," before issuing execution to enforce the same, was an irregularity, and the Circuit Judge was not in error in granting the order from which the defendant has appealed.

Having reached the conclusion, that the issuing of the execution, before the judgment had been entered in the manner provided by law, was an irregularity, it follows, in the light of the unbroken line of decisions in this State, that no one but the defendant in the action in which the judgment was recovered has the right to take advantage of such irregularity.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.