9600

BARRON *ET AL.* v. SOUTHERN SCALE & FIXTURE CO. *ET AL.*

(91 S. E. 321.)

1. MORTGAGES—FORM OF DECREE.—Under Code Civ. Proc. 1912, sec. 218, as to joinder of causes of action, a Court may in one decree give judgment for the amount due on a mortgage, and also direct a sale of the mortgaged property.

2. JUDGMENT—CERTAINTY OF AMOUNT.—A judgment may not be given for an uncertain amount.

3. MORTGAGES—FORM OF DECREE—"JUDGMENT."—Under Code Civ. Proc. 1912, sec. 304, defining a "judgment" as a final determination of the right of the parties, a decree in mortgage foreclosure, which after finding defendant owed plaintiffs a certain sum, directed its payment on or before a certain date, and sale in default of payment, was sufficient as a judgment; the further direction, that if the proceeds of sale were insufficient to pay such amount the master should report the deficiency and that plaintiffs should have judgment therefor, being mere surplusage.

4. JUDGMENT—ENTRY OF JUDGMENT—MAKING UP JUDGMENT ROLL.— The entry of judgment in the book of "Abstracts of Judgments" and the making up of the judgment roll are but ministerial acts, done for purposes of lien and notice, and follow the judgment as matter of course.

Before MAULDIN, J., Columbia, March, 1916.    Affirmed.

Action by Clarendon W. Barron and another against the Southern Scale & Fixture Company.    Judgment for plaintiffs.    From an order refusing to vacate the entry of judgment, defendant appeals.

*Messrs. Melton & Belser,* for appellant, cite: *As order for judgment:* 1 Freeman Judgments (4th ed.) 43; 13 S. C. 254; 31 S. C. 171; 40 S. C. 193, 199, 200; 3 Jones Mtges. (7th ed.), secs. 1600, 3656, 3679; 17 A. & E. Enc. of L. 772; 4 Strob. 12; Freeman Executions (2d ed.) sec. 16, p. 29; 45 S. C. 323; 12 S. C. 9; Bail. Eq. 201; Code Civ. Proc., sec. 218; 64 So. 943; 141 Ill. 289, 297, 298.

*Messrs. Frank G. Tompkins* and *W. D. Barnett,* for respondents.    The latter cites: 40 S. C. 210; 56 S. C. 38,

43; Civil Code, sec. 3465; Code Civ. Proc., sec. 218; 64 S. C. 220, 236, 290; 63 S. C. 134; 45 S. C. 336; 56 S. C. 392; 80 S. C. 289; 81 S. C. 81; 90 S. C. 384; 28 S. C. 80.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from an order of the Circuit Court. The order was made on a motion by the defendant to vacate an entry of judgment against it in the book of abtracts of judgments. The motion was refused, and the defendant has appealed.

The action arises out of this recital: The defendant executed to one Twitty a bond and mortgage, and the same were assigned by Twitty to the plaintiffs  Action to foreclose the mortgage was begun, the master made his report, and the Court made on October 26, 1915, a decree for the sale of the property. On November 9, 1915, judgment for $2,926.21 was entered in the book of abstracts of judgments, and on December 6, 1915, the master sold the mortgaged premises. On January 29, 1916, the defendant gave to the National Loan and Exchange Bank a mortgage for $11,450 on all its property. The real contest in the instant case is betwixt this mortgage creditor and the judgment creditors afore described. The suggestion of the defendant is, for the defendant nominally makes the question, that the words of the Court's decree of foreclosure were not sufficient to create a judgment. And that is the whole case, though there are four exceptions. The master reported that there was due and owing to the plaintiff on October 25, 1915, all told $2,897.91. The Court found, *inter alia,* "that there is now due plaintiffs" the amount above stated, and ordered:

"That the defendant, Southern Scale and Fixture Company, do, on or before the 10th day of November, 1915, pay to the plaintiffs, C. W. Barron and Sarah P. Boylston, or

their attorneys, the sum of $2,897.91, with interest from the 25th day of October, 1915, together with the costs and disbursements of the plaintiffs and their attorneys to be taxed by the clerk." And further, "on default of payment at or before the time herein indicated," the mortgaged premises should be sold. And, again, "If the proceeds of sale be insufficient to pay the amounts hereinbefore authorized to be paid out of the said proceeds, with interest, costs, disbursements, and taxes, as aforesaid, the said master do report the deficiency, and that the plaintiffs have judgment therefor against the defendant, Southern Scale and Fixture Company."

These are the relevant parts of the decree. It is on the words last quoted the appellants rely to show that no judgment was given as of the date of the decree, and that there was, therefore, no warrant to enter the judgment in the book of "abstracts of judgments" on November 9, 1915.

Before the act of 1894 (21 Stats. 816), it was held that, in an action for foreclosure, a money judgment might not be rendered against the mortgagor until a sale of the mortgaged premises and a report of the deficiency. *Hull* v. *Young,* 29 S. C. 64, 6 S. E. 938; *Parr* v. *Lindler,* 40 S. C. 193, 18 S. E. 636; *Cook* v. *Jennings,* 40 S. C. 205, 18 S. E. 640.

Under the old practice, the appellant's view is sound. But the statute of 1894 was manifestly enacted to establish a markedly different rule of procedure. By it a Court may in one decree give judgment for the amount due, and also direct a sale of property mortgaged to secure that debt. Code of Procedure, sec. 218.

The appellant does not deny that the Court might have given judgment, but it is denied that so much was done. So the only issue is: Did the decree of the Circuit Court use sufficient and apt words to create a judgment? A "judgment" is defined to be the final determination of the rights of the parties in the action. Code, sec. 304. In the instant case the Court found that on a day certain the defendant was

due to the plaintiff a sum certain, and ordered the same to be paid on a day certain. There was nothing else to find.

Counsel did not deny, at the hearing, that, if the Court had added the formal words, "and the plaintiff shall have judgment therefor," the matter would not be open to question.

But when the debt was finally fixed as due, and on a fixed day, and its payment was directed, all the features of a judgment were present. See *Morgan* v. *Morgan,* 45 S. C. 323, 23 S. E. 64. *Id certum est quod certum reddi potest.*

2, 3   The circumstances relied on by the appellant to indicate that there was no intention of the Court to give a present judgment, to wit, the last quoted clause above referred to, is at best equivocal. That clause either purported to give a present judgment for a deficiency, or it did not. Its words indicate the former; if that be so, the clause was insufficient to that end. A judgment speaks in the present; a present judgment may in the nature of the case not be given for an uncertain amount. The other horn of the dilemma is that the clause did not purport to give a present judgment. If that be so, then there is no inconsistency betwixt the clause and the particular findings of the Court before referred to. If the scrivener of a purely formal decree for foreclosure had any intent, and if it was to follow the practice which prevailed before the act of 1894, he would have directed:

"That the master do report any deficiency that might occur, and, upon coming in of the report, the plaintiffs should have leave to apply for judgment therefor."

That, however, was not done, in words or in effect. The clause was at most then but surplusage, an unwarranted and irrelevant direction; and it did not at all modify that which the Court had definitely found aforetime, to wit, that the defendant owed the plaintiffs a fixed sum, on a fixed day, with direction to pay it.

The entry of the event in the book of "abstracts of judgments," and the making up of the "judgment roll," were ministerial acts, done for purposes of lien and notice, and followed the judgment as matter of course.

The order below is affirmed.