14856

HARVEY v. GIBSON

(2 S. E. (2d), 385)

*Mr. Eugene Hinson,* for appellant, 

*Messrs. Wolfe, Dennis & Eatmon, Searson & Searson*
and *S. H. Schoolfield, Jr.,* for respondent, 

April 5, 1939.

The opinion of the Court was delivered by MR. JUSTICE
FISHBURNE.

On May 6, 1931, a judgment was rendered in the lower
Court in favor of the respondent against the appellant for
$371.42, but for some unexplained reason it was not filed
and entered of record on the "Abstracts of Judgments" in
Allendale County until September 3, 1937. Thereafter, on
or about February 22, 1938, the judgment was transcribed
to the Counties of Marion and Marlboro, South Carolina.
The appellant, having learned of the transcription, moved
before the lower Court to vacate and set it aside, upon the
grounds: (a) That the judgment was void on account of
the laches of the appellant, in not entering it within a rea-
sonable time; and (b) that the judgment was barred by the
six-year statute of limitations, because the order therefor
was made on May 6, 1931, and was not filed or recorded
until September 3, 1937, after the expiration of six years
and nearly four months. From an order overruling the mo-
tion, the appellant brings the case to this Court.

> The lower Court held that a judgment creditor
> should not be deemed guilty of laches where it
> clearly appears that the judgment debtor has not

been misled or injured by the omission to promptly enter the judgment.

There was no showing by the appellant that he had been harmed or damaged in any way by the belated filing of the judgment. In fact there is much to commend the argument that the party injuriously affected by the failure to promptly enter a judgment of record is the judgment creditor and not the judgment debtor, for the reason that before the entry of judgment no rights or benefits accrue, because a judgment constitutes no lien over realty of the judgment debtor until it is entered. This being true, the failure to make entry is to the disadvantage of the judgment creditor and to the advantage of the judgment debtor. If it is not entered until ten years from its date, the effect upon the judgment debtor would be the same as though it had never been entered at all.

We know of no law in this State which prescribes the time when a judgment shall be entered in the "Abstracts of Judgments." The only provision which bears upon the subject is to be found in Rule 3 of the Circuit Court rules, which directs that the Clerk shall not enter, without special leave of the Court, any judgment until the expiration of five days after the Court has adjourned for the term.

But the appellant insists that he has been injured by the delay in entering the judgment, because it will enable the respondent to unlawfully extend its lien from the date of entry, to wit, from September 3, 1937, until September 3, 1947, whereas if it had been filed on its date, to wit, May 6, 1931, or within a reasonable time thereafter, its lien for a ten-year period would expire on or about May 6, 1941. In other words, it is contended that the respondent has been benefited at the expense of the appellant, in that it has been permitted to extend the lien of the judgment for a period of sixteen years and four months from the date of its rendition.

Undoubtedly it is not a proper practice for orders of the Court, which should be forthwith filed in the office of the

Clerk of the Court, to be withheld and retained by attorneys in the cause. A practice of this kind may often lead to confusion and injustice. *Waring v. Johnson et al.,* 161 S. C., 522, 159 S. E., 829. However, in our opinion the appellant is needlessly alarmed concerning the alleged extension of the lien of the judgment.

Section 743 of the 1932 Code limits the lien of the judgment on real estate to ten years. It reads: " * * * the lien to begin from the time of such entry on the book of abstracts and indices, and to continue for a period of ten years from the date of such final judgment or decree." This section also provides that a transcript of any judgment rendered by any Court of this State may be filed in the office of the Clerk of the Court of Common Pleas of any county, and when so filed as therein provided, it shall "constitute a lien upon the real estate of the judgment debtor in that county from the date of its entry upon the books of abstracts and indices, for a period of ten years from the date of the original judgment."

Thus it will be seen that the lien of the respondent's judgment will continue only for a period of ten years from May 6, 1931, which is the date of its rendition; and if not revived would cease and terminate on May 6, 1941.

Appellant likewise contends that the order for judgment in this case not having been entered for more than six years from its rendition was in effect no judgment during that period, and amounted to nothing more than a simple contract obligation, and hence that it was barred under Section 388 of the 1932 Code. It is urged that an order for judgment does not become a mature and fullfledged judgment until duly entered.

We think that the lower Court was entirely correct in holding that the six-year statute of limitation does not apply, because undoubtedly what the respondent obtained from the Court was a final judgment, and it did not lose its character as a judgment whether filed or not.

It was held in *Mason & Risch Vocalion Co. v. Killough Music Co.,* 45 S. C., 11, 22 S. E., 755, 756: "A judgment, as defined by the Code, is the final determination of the rights of the parties in the action. The final determination of the rights of the parties in the action takes place when the Court does all that it is required to do in determining the rights; and it is not the less a judgment because certain requirements of the statute have to be complied with so as to enforce it by execution, give it a lien on real estate, make it competent evidence, or effectual for other purposes."

In the case of *Clark v. Melton,* 19 S. C., 498, the Court says: "To give force and effect, however, to this judgment, it is true that a formula was required to be prepared and filed in the Clerk's office, and to be entered in the book entitled 'abstract of judgments,' and, under an act of the general assembly, the clerk in whose office this formula was filed was required to date it and endorse his official signature. It will be observed, however, that this formula, etc., did not constitute the judgment of the court, nor did the dating or signing by the clerk with his official signature add anything to its intrinsic character. The judgment issues from the court, not from the attorneys or the clerk; it precedes a formula, and is authority upon which the formula is prepared, but the formula constitutes no part of the judgment. It is only the evidence of the existence of the judgment, and enables the plaintiff to have it enforced. The judgment, as we have said, is the judicial determination of the rights of the parties, but it is not self-operative; it cannot enforce itself; it becomes necessary, therefore, that some machinery should be adopted to secure to the successful party the fruits of his recovery."

The rule announced in the foregoing cases was reaffirmed in *Blohme v. Schmancke,* 81 S. C., 81, 61 S. E., 1060. And to the same effect see *Barron v. Southern Scale & Fixture Co.,* 106 S. C., 342, 91 S. E., 321, and Black on Judgments, Vol. 1, Sec. 106.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.