16032

HARDEE v. LYNCH
(46 S. E. (2d) 179)

*Mr. Henry E. Davis,* of Florence, for Appellant,

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, for Respondents,

January 16, 1948.

FISHBURNE, Justice: This suit, on the equity side of the court, was brought by the plaintiff as surviving partner of the law partnership of Willcox & Hardee, to enforce the collecton of an unrevived domestic judgment in the principal sum of $1,500.00, with interest.

On December 6, 1927, Essie B. Lynch recovered a judgment against her husband, W. S. Lynch, Sr., in an alimony proceeding, and assigned that portion of the judgment herein sued upon to Messrs. Willcox & Hardee, as attorneys' fees allowed them in the proceeding. The assignment was duly executed on May 11, 1931. W. S. Lynch, Sr., the judgment debtor, died on December 21, 1945, leaving of force his last will and testament, wherein he appointed the defendant, W. S. Lynch, Jr., as his sole executor, who qualified and is now serving in that capacity.

It is alleged in the complaint that no part of the judgment has been paid, and that the plaintiff filed claim with the executor for the amount of the judgment with interest from December 6, 1927, at the rate of six per cent. per annum, and that the executor refused payment. It is further alleged that the estate is entirely solvent; that the assets, real and personal, are in the hands and under the control of the defendant executor, and are more than sufficient to pay the claim of the plaintiff. The relief prayed for is that the defendant be required to allow and pay the claim, and if the personal property has been dissipated or disposed of, that a judgment and decree be entered directing the sale of sufficient of the real estate of the deceased judgment debtor to pay the same; and for such other and further relief as may be just.

The defendant answered by general denial, and set up two defenses: (1) That W. S. Lynch, Sr., having gone into bankruptcy, with the obligation before mentioned listed as a debt, and having obtained a discharge on June 26, 1944, the judgment on which the present cause of action is based, was discharged; and (2) that the judgment forming the

basis of the cause of action set up in the complaint being a personal claim, it expired with the death on October 8, 1941, of Essie B. Lynch, the original judgment creditor.

There being no disputed issues of fact, the case was heard before the county judge on the pleadings and certain formal documents. This hearing took place some time in June, 1947, after the case had been pending for about one year. Before a decree was rendered, however, the defendant served notice of a motion for judgment in his favor on the ground that the proceeding instituted by the plaintiff was to collect an unrevived judgment dated December 6, 1927, and under the Act of the General Assembly approved March 22, 1946, 44 Stats. page 1436, the court lacked jurisdiction of an action based on such a demand; and further by reason of the same Act the plaintiff failed to state any cause of action.

The matter was fully heard before the county judge, who rendered his decree on August 6, 1947, in which he decided all issues in favor of the plaintiff, and adjudged that the claim filed by the plaintiff was a valid and existing obligation of the estate of W. S. Lynch, deceased. The defendant, as executor of his estate, was directed to allow and pay the claim, which with interest was fixed by the court in the sum of $3,175.50. The court further ordered that judgment be entered for this amount in favor of the plaintiff, with leave to apply for such other and further orders as might be necessary to carry the decree into effect.

The county court overruled the defendant's motion for judgment which was based upon the 1946 Act, 44 Stats. 1436, repealing the twenty year statute of limitations Code, Sec. 387, Subsection 1, on the ground that he had failed to plead the statute by way of answer as a bar to the action, and had thereby waived it. He also held that the statute was unconstitutional as cutting off plaintiff's existing right to the relief sought in the proceeding, and that neither the bankruptcy proceeding nor the death of Mrs. Lynch affected plaintiff's right to recover.

The case is now before us on several exceptions to the judgment of the lower court.

The appellant contends that, in effect, the action is upon the judgment rendered on December 6, 1927, and that this judgment is the basis of respondent's cause of action. Respondent, however, disclaims any such purpose or intent. He asserts that the suit brought by him does not seek to revive the original judgment assigned to his law firm by Essie B. Lynch, or to obtain another money judgment thereon. He takes the position that the action is an equitable one, to obtain the aid of the court of equity in requiring assets in the hands of the defendant executor to be applied in satisfaction of his judgment. It is argued that the action was not brought under any of the sections of the Code repealed by the 1946 Act hereinbefore referred to, and that none of these sections of the Code have any relation to the proceeding.

As previously stated, the judgment which the respondent seeks to collect, was rendered on December 6, 1927; its lien under the ten year statute, Code, Section 743, subsection 1, therefore expired December 6, 1937. This action was brought on July 26, 1946, so that the judgment had about a year and a half to run—that is, until December 6, 1947, before the twenty year statute applied, Section 387, Subsection 1. So far as the record shows, no execution was ever issued on the judgment within the ten year period, nor were any steps taken to revive it, hence it became dormant. Nor was the action authorized by leave of the court or a judge thereof as required by Section 354 of the Code, where the action is upon a judgment.

If the proceeding brought by the respondent be considered an action upon a judgment, then it necessarily follows that respondent at the time of its commencement had no complete cause of action, because leave of the court to bring such action was not obtained before its institution. We have held in two recent cases, *American Agr. Chem. Co. v. Thomas*, 206 S. C. 355, 34 S. E. (2d) 592,

160 A. L. R. 594, and *United States Rubber Co. v. Mc-Manus,* S. C., 45 S. E. (2d) 335, that the obtaining of leave to bring an action upon a judgment constituted a prerequisite to the court's jurisdiction, and that no right of action could accrue until such leave was obtained. In the last-mentioned case—*United States Rubber Co. v. McManus*—the court dealt fully with the effect and operation of the 1946 Act upon existing statutes governing limitations of actions on judgments.

While the respondent contends that the action was brought solely for such relief as might be obtained in a court of equity, and disclaims that this is an action upon a judgment; or that he seeks another judgment based upon the judgment set forth in his complaint, yet, by reference to the decree of the county court, it is clear that the main relief awarded him was a money judgment, which could only have been based upon the judgment set up in the complaint. The judgment of the lower court specifically provided that the respondent have leave to enter up judgment for the sum of $3,175.50, with interest at the rate of six per cent. per annum from July 18, 1946, until paid. It was further held that the judgment constituted a valid and existing obligation of the judgment debtor, W. S. Lynch, Sr., deceased, and his executor was directed to pay it.

After a careful consideration of the complaint and the record as presented, it seems to us that irrespective of the characterization which respondent seeks to apply to the particular nature of his cause of action, its very essence partakes of the nature of an action upon a judgment. In the transcript of record, it is stated that the purpose of the action was to collect an unrevived judgment, which judgment at the time the suit was commenced had lost its active energy, and was dormant. It is needless, therefore, in this connection, to consider the effect of the 1946 Act which repealed Code, Section 387, Subsection 1, taking away the right to bring an action on a judgment after twenty years. Without reference to such Act, it appears to us that this is substan-

tially an action upon a judgment, which was admittedly brought without leave of the court first obtained. Without such leave, no cause of action existed, and therefore the Court lacked jurisdiction.

But if we adopt the argument advanced by respondent that the case at bar is not an action upon a judgment but is a suit in equity, the result would be the same.

Judgment liens are creatures of law, and cannot be enforced in equity when they have ceased to be enforceable at law. The plaintiff failed to take any steps to enforce this judgment while of active energy, with its lien intact, on the real estate of the judgment debtor. It would be a strange condition of the law if after the lien of a judgment on real estate had been lost, and after the plaintiff was powerless to enforce it by execution, and despite the fact that it was dormant and he could no longer give it new life by an action resulting in the recovery of a new judgment without leave of the court, he could nevertheless, through a direct proceeding in equity reach and sell the debtor's lands and subject his assets to the payment of the very same inactive judgment.

Our statutes, especially Section 354 requiring leave of the court to bring an action on a judgment—and without reference to the repealing statute of 1946—clearly evince the legislative purpose to nullify the effective force of a judgment after ten years, unless revived, or suit thereon be brought before the expiration of the period allowed by law. Respondent's judgment had ceased to exist as a lien at the time this action was commenced; his judgment did not constitute a cause of action because no leave of court had been obtained. And it would be an anomalous situation if, under these circumstances, a judgment creditor, for the purpose of enforcing his dormant judgment, could resort to a court of equity to reach property of the debtor not subject to execution.

On this aspect of the question, the case of *Solomons v. Shaw*, 25 S. C. 112, is similar in a great many respects to the case at bar. There, judgment creditors, whose judgments had lost their lien, instituted a suit in equity in the nature of a creditor's bill, to subject the lands of the judgment debtor to the payment of their claims. The circuit court dismissed the complaint on the ground that plaintiffs having failed to enforce their judgments while of active energy with lien on the land in question, and having adequate remedy at law at one time, which had been lost by their laches and neglect, "there were now no equitable grounds for the interference of the court." Upon appeal, the supreme court affirmed the judgment of the circuit court and stated: "In a general sense, every creditor has a right to make his claim out of the property of his debtor if necessary; that is, he has the right to reduce his claim to judgment, and by execution issued thereon make his money by sale of the debtor's property."

But the court pointed out that this was not the right the plaintiffs sought to enforce. They were not seeking a new judgment, but were endeavoring to sell the debtor's land by a direct order from the court. And it was held that they had no such right. The court said: "True, they once had it, but it has been lost, and they are seeking the aid of equity because of the fact of this loss. In other words, they are asking equity to reinstate their right, and then to enforce it, not by execution, but by a direct and independent order of sale. We know of no authority or established equity doctrine by which this can be done." See generally, Annotation 114 A. L. R. 1165.

Therefore, disregarding for the sake of argument only, our holding that in reality the case at bar is an action upon a judgment, and considering it in the light advanced by respondent that it is an equity suit for the enforcement of a dormant judgment by direct sale of the debtor's lands, it is apparent that such a proceeding in equity is not tenable.

In support of his contention, respondent cites and relies upon *Brock v. Kirkpatrick,* 60 S. C. 322, 38 S. E. 779, 85 Am. St. Rep. 847, as bearing upon the application of Section 354 to the case now before us, which section requires that leave of the court be first obtained before an action can be brought upon a judgment. We will not undertake a detailed analysis of the lengthy opinion filed in that case, but we deem it inapplicable to the current case.

The proceeding in *Brock v. Kirkpatrick* was one in equity ostensibly to enforce the collection of a judgment obtained against an executor based upon a note given by the decedent in her lifetime. That suit, unlike the present one, was specifically brought for the benefit of the plaintiffs and all other creditors of the decedent who would come in and bear part of the expense of the litigation. There is nothing in the record to show that the judgment had lost its lien, and the court held that in such a proceeding, which was in the nature of a creditor's bill, leave of the court was not necessary. As pointed out in the circuit court decree, which was affirmed, the action was brought against the heirs at law of the decedent who were not parties to the action wherein judgment was obtained against the executor on the note of the testatrix, and it was held that insofar as the defendants were concerned, the judgment need never to have been rendered. In effect, the controversy, as treated by the court, was based upon the note given by the testatrix in her lifetime, which it was alleged constituted a debt against her estate. In affirming the ruling of the circuit court this court said that the judgment was not *res judicata* insofar as the devisees were concerned, and that they had the right to contest the claim as freely as if it had not ripened into a judgment.

Furthermore, we think that the county court was in error in holding that Section 1 of Act No. 516, 44 Stats. 1436, constitutes a statute of limitations such as would be considered waived unless pleaded. In order for a law to be a statute of limitations, it must contain within

itself a specific statement limiting the time within which an action is to be brought. Section 1 of Act No. 516 specifically provides that subsection 1 of Section 387 of the Code of Laws of South Carolina 1942, providing for an action upon a judgment or decree within twenty years, be and the same hereby is repealed. This embodies the substantive law of the state. It provides no limitation period, but completely destroys any right of action upon judgments. The logical result of the 1946 enactment, 44 Stats. 1436, was to utterly extinguish a judgment after the expiration of ten years from the date of entry.

It will be recalled that the 1946 Act was approved and became effective on March 22, 1946, and this case was not brought until July 26, 1946, four months later, at which time the Act was operative. And for this reason also, we hold that the action cannot be maintained.

It is our opinion that the county court committed error, and the case must be reversed. This disposition of the case has rendered unnecessary the consideration of the other questions raised by the appeal.

Judgment reversed.

STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., did not participate.