19425

Ogetta A. GARRISON, Appellant, v. Lillie R. OWENS and United States of America, Respondents

(189 S. E. (2d) 31)

*Charles Welborn, Esq., Welborn & Ferrene,* Anderson,
*for Appellant,*

*John C. Pracht, Jr., Esq.,* of Anderson, *for Respondent,*

May 24, 1972.

Moss, Chief Justice.

Booker T. Garrison, on August 20, 1960, obtained a default judgment against Lillie R. Owens, a respondent herein, and Tony Owens, her husband. At the time the judgment was obtained, Lillie R. Owens and Tony Owens jointly owned and possessed a tract of land containing 172 acres, more or less, such being subject to a mortgage indebtedness in favor of the Farmers Home Administration. It appears that Tony Owens, on June 24, 1964, conveyed his undivided interest in said land to Lillie R. Owens, thus making the respondent the owner of the full fee simple title thereto.

Booker T. Garrison assigned the judgment he held against Tony and Lillie R. Owens to his wife, Ogetta A. Garrison, the appellant herein, on March 30, 1970, and she commenced this equitable action on June 24, 1970, against the respondent for the purpose of subjecting the

real estate owned by her to the payment of the aforesaid judgment.

The respondent made a motion to dismiss the complaint of the appellant upon the ground that she did not, prior to the commencement of the action, comply with Section 10-1520 of the Code, which provides:

"No action shall be brought upon a judgment rendered in any court in this State, except the court of a magistrate, between the same parties without leave of the court, or a judge thereof at chambers, for good cause shown on notice to the adverse party. * * *"

The motion to dismiss the complaint came on to be heard by The Honorable William L. Rhodes, presiding judge, and by his Order of November 22, 1971, he held that the appellant had failed to comply with Section 10-1520 of the Code and dismissed the action. He further held that under Section 10-1561 of the Code, that a lien of a judgment continues for a period of ten years from the time of the filing of such judgment and the lien thereof is not saved or extended by the bringing of an action to enforce such and that a lien which expired during the pendency of the action cannot be enforced.

The appellant prosecutes this appeal and seeks a reversal of the rulings made by the trial judge.

The appellant contends that her complaint contains more than one cause of action and is not one brought upon her judgment. After a careful consideration of the complaint, it seems to us irrespective of this characterization which appellant seeks to apply to the nature of her cause of action, its very essence partakes of an action upon her judgment. It has for its purpose the collection by her of an assigned judgment and hence is an action upon a judgment, which was admittedly brought without leave of the court first obtained.

This action being considered as one upon a judgment, then it necessarily follows that the appellant at the time

of the commencement thereof had no complete cause of action, because leave of the court to bring such action was not obtained before its institution. We have held in several cases that the obtaining of leave to bring an action upon a judgment constituted a prerequisite to the court's jurisdiction, and no right of action could accrue until such leave was obtained. *American Agricultural Chem. Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592; *United States Rubber Co. v. McManus,* 211 S. C. 342, 45 S. E. (2d) 335 and *Hardee v. Lynch,* 212 S. C. 6, 46 S. E. (2d) 179. It follows that the trial judge was correct in dismissing the action because of the failure of the appellant to comply with Section 10-1520 of the Code.

The appellant contends that Section 10-1520 of the Code, only has application to an action brought upon a judgment "between the same parties" and does not apply to an action brought by an assignee of a judgment. We think this position is untenable. The general rule is that the assignee of a judgment stands in the place of, and has no better rights in regard to the judgment than the assignor, and that the assignee takes the judgment subject to all of the equities and defenses which could be asserted against the judgment in the hands of the assignor. 46 Am. Jur. (2d), Judgments, Section 887, Page 1026.

The appellant contends that the trial judge was in error in holding that the statutory life of a judgment lien is not extended by the institution of an action to enforce such.

Under the terms of Section 10-1561 of the Code, a judgment constitutes a lien for a period of ten years from the date thereof and may not be revived. The lien of a judgment is absolutely extinguished and ended after the expiration of ten years from the date of entry. *Hardee v. Lynch,* 212 S. C. 6, 46 S. E. (2d) 179.

A judgment lien is purely statutory, its duration as fixed by the legislature may not be prolonged by the courts and the bringing of an action to enforce

the lien will not preserve it beyond the time fixed by the statute, if such time expires before the action is tried. 49 C. J. S. Judgments, § 495, p. 949. *Cf. Hughes v. Slater*, 214 S. C. 305, 52 S. E. (2d) 419 and *Harvey v. Gibson*, 190 S. C. 98, 2 S. E. (2d) 385.

It is our conclusion that the trial judge was correct in holding that the lien of judgment held by the appellant was not saved or extended by the bringing of an action to enforce such. It will be seen that the lien of the appellant's judgment continued only for a period of ten years from August 20, 1960, and expired on August 20, 1970. At the time the lower court heard the motion to dismiss the complaint, the lien of the judgment had already expired and there was no judgment lien to enforce.

What we have heretofore held makes it unnecessary to pass upon the other questions raised by the appellant.

The judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.