22029

Emily Gaye B. DUCKER, Appellant, v. STANDARD SUPPLY CO., INC., Addison Products Co., and Southern Bank and Trust Co., Respondents, of whom Addison Products Co. is Respondent.

(311 S. E. (2d) 728)

*F. Mikell Harper, Frampton L. Harper* and *Anthony E. Griffis,* Beaufort, *for appellant.*

*Walter W. Theus, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for respondent.*

January 18, 1984.

GREGORY, Justice:

Pursuant to S. C. Code Ann. § 15-35-630 (1976), appellant Emily Gaye B. Ducker applied to have canceled and discharged certain judgments held by respondent Addison Products Co. (Addison) and others, based upon her discharge in bankruptcy. The trial judge ordered the Beaufort County Clerk of Court to note in the book of abstract of judgments an entry discharging the judgment as a determination of the personal liability of Mrs. Ducker and as a lien upon real property acquired after the date she filed her petition in bankruptcy, but not as a lien upon real property acquired before that date. We affirm.

Mrs. Ducker argues § 15-35-630 of the Code entitles her to an unqualified discharge of the judgment debt. She contends that the debt to Addison was discharged under the Federal Bankruptcy Act and § 15-35-630 should be construed to permit the release of the lien imposed by a judgment on the property of the judgment debtor. We disagree.

Section 15-35-630 of the Code allows a bankrupt, any time after one year has elapsed since he was discharged from his debts, to apply for a court order canceling and discharging payment of a judgment or the debt upon which the judgment was recovered. Section 15-35-630 further provides, "The provisions of this section shall not operate to discharge any debt, judgment or claim that is not dischargeable under the Federal Bankruptcy Act or the law of this State."

Under South Carolina law, a judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money. A judgment may also establish a lien upon the real property of the debtor. Section 15-35-810 of the Code.

The Discharge of Bankrupt Order filed in the United States District Court released Mrs. Ducker from any judgment obtained in any court before or after the

discharge as a determination of the *personal liability* of Mrs. Ducker. A discharge of the personal liability of a debt or judgment does not affect the lien securing that debt of judgment. *Wagener & Co. v. Brown Bros.*, 82 S. C. 131, 62 S. E. 513 (1909).

Several jurisdictions have constructed statutes substantially similar to § 15-35-630, and have held a discharge in bankruptcy would not void a judgment lien which attached to the judgment debtor's real property prior to the filing of his bankruptcy petition and which was not voided in the bankruptcy proceedings. *Albritton v. General Portland Cement Co.*, 344 So. (2d) 574 (Florida 1977); *Olsen v. Nelson*, 125 Minn. 286, 146 N. W. 1097 (1914); *John Leslie Paper Co. v. Wheeler*, 23 N. D. 477, 137 N. W. 412 (1912); *Bush v. Shepherd*, 186 Or. 105, 205 P. (2d) 842 (1949).

Applying the literal meaning to § 15-35-630 of the Code, it is clear the legislature intended that judgments or debts which survived bankruptcy proceedings would not be discharged under that statute. The statute was not intended to enlarge upon the relief granted a bankrupt through bankruptcy proceedings. We find Mrs. Ducker was released from any *personal liability* on her debts and judgments, and Addison's judgment continued as a lien on real property acquired before Mrs. Ducker filed her petition in bankruptcy.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.