597 S.E.2d 810

**HOME PORT RENTALS, INC., Appellant,**

v.

**Roger MOORE, Respondent.**

**No. 3779.**

Court of Appeals of South Carolina.

Heard Dec. 10, 2003.

Decided April 19, 2004.

Rehearing Denied June 25, 2004.

See also 252 F.3d 399.

M. Dawes Cooke, Jr., and Phillip S. Ferderigos, both of Charleston, for Appellant.

Thomas W. Bunch, II, and L. Jefferson Davis, IV, both of Columbia, for Respondent.

KITTREDGE, J.:

Home Port Rentals, Inc. brought this declaratory judgment action in July 2000 against Roger Moore, seeking to determine the enforceability of a March 20, 1989 judgment. The circuit

court granted Moore's motion for summary judgment, finding the judgment was more than ten years old and no longer enforceable. We affirm and hold that the ten-year enforcement period for execution on judgments as provided in S.C.Code Ann. § 15–39–30 (Supp.2003), once commenced, is absolute and not subject to tolling. Such a judgment is "utterly extinguished" ten years from the date of its entry.

## *FACTS*

Home Port obtained a judgment against Moore on March 20, 1989, in the United States District Court of South Carolina. During portions of the ten-year period following entry of the March 20, 1989 judgment, Home Port undertook efforts to locate Moore. These sporadic efforts were unsuccessful until Moore was located in Bossier City, Louisiana, in January of 1999. Home Port then filed an action on March 17, 1999 to register the judgment in the United States District Court for the Western District of Louisiana. Home Port filed the present declaratory action in the circuit court on July 14, 2000, seeking a determination of its ability to enforce the judgment in South Carolina after the expiration of the ten-year statutory enforcement period. Moore answered, asserting the judgment was no longer valid as the ten-year enforcement period had expired.

The parties filed cross-motions for summary judgment, claiming the only issue for the court to decide was whether the ten-year enforcement period was tolled while Moore was absent from South Carolina. The circuit court granted Moore's motion for summary judgment, finding the ten-year time for enforcement was absolute and not tolled during the period of Moore's absence from South Carolina.

## *LAW/ANALYSIS*

■ Home Port asserts the circuit court erred in granting summary judgment to Moore. Home Port argues that while S.C.Code Ann. § 15–39–30 places a ten-year statute of limitations on the execution of a judgment, S.C.Code Ann. § 15–3–30 (Supp.2003) should operate to toll the expiration of the enforcement period. We disagree and find summary judg-

ment was warranted as the judgment was extinguished ten years from March 20, 1989, the date of its entry.

We begin our analysis with the March 20, 1989 judgment that Home Port obtained against Moore in the United States District Court for the District of South Carolina. South Carolina has adopted the Uniform Enforcement of Foreign Judgments Act (UEFJA), which is codified at S.C.Code Ann. § 15–35–900 *et seq.* (1976). Pursuant to section 15–35–910(1), a " '[f]oreign [j]udgment' means a judgment, decree, or order of a court of the United States ... which is entitled to full faith and credit...." The 1989 federal court judgment is a "foreign judgment." UEFJA is consistent with the federal statute governing enforcement of judgments rendered in federal courts. 28 U.S.C.A. § 1962 provides in part:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State *in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.*

(emphasis added).

Federal law thus incorporates the law of the applicable State in determining the effective date of the judgment lien, as well as its expiration. In this regard, Home Port acknowledges that a "judgment creditor ... [has] ten years from entry of a 'foreign judgment' of a United States District Court of South Carolina to enroll such judgment in a South Carolina county.... Thus, the judgment in question is in practical effect a South Carolina judgment, even though it is, paradoxically, a 'foreign judgment' under UEFJA." In essence, as mandated by federal law, the judgment rendered in the United States District Court for the District of South Carolina on March 20, 1989 became a South Carolina judgment for enforcement purposes on the same date. We must therefore resort to South Carolina law, section 15–39–30 of the South Carolina Code (Supp.2003), to determine the extent, if any, of Home Port's continuing right to execute on this judgment in South Carolina.[1]

---

1. The judgment has been registered in the United States District Court for the Western District of Louisiana. Moore unsuccessfully challenged

"A judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money." *Wells v. Sutton,* 299 S.C. 19, 22, 382 S.E.2d 14, 16 (Ct.App.1989) (citing *Ducker v. Standard Supply Co., Inc.,* 280 S.C. 157, 311 S.E.2d 728 (1984)). Pursuant to section 15–39–30:

> Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions.

The South Carolina Supreme Court has concluded that a judgment is "utterly extinguish[ed] . . . after the expiration of ten years from the date of entry." *Hardee v. Lynch,* 212 S.C. 6, 17, 46 S.E.2d 179, 183 (1948); *see also Garrison v. Owens,* 258 S.C. 442, 446–47, 189 S.E.2d 31, 33 (1972) (stating that "[a] judgment lien is purely statutory[;] its duration as fixed by the legislature may not be prolonged by the courts and the bringing of an action to enforce the lien will not preserve it beyond the time fixed by the statute, if such time expires before the action is tried.").

> In *Wells,* 299 S.C. at 22, 382 S.E.2d at 16, this court stated: Executions may be issued within ten years from the date of the original entry of the judgment. "The execution is [the] only process to enforce the judgment, and it cannot have active energy unless the underlying judgment has a lien." The South Carolina Supreme Court has indicated a judg-

---

the entry and enforceability of the judgment in that court, including an appeal to the United States Court of Appeals for the Fifth Circuit. *Home Port Rentals, Inc. v. The Int'l Yachting Group, Inc.,* 252 F.3d 399 (5th Cir.2001). For purposes of the case before us, we note the parties' position in the Louisiana litigation. Specifically, Home Port filed the enforcement action in the United States District Court for the Western District of Louisiana on March 17, 1999, "three days shy of the [judgment's] tenth anniversary." *Id.* at 402. The federal appeals court recognized that on March 17, 1999, the judgment was still "live" under South Carolina law. *Id.* at 403. This finding is consistent with the applicability of section 15–39–30 to the judgment rendered in the federal district court in South Carolina. Our application of the ten-year enforcement period in section 15–39–30 to this foreign judgment reflects the interplay between UEFJA, 28 U.S.C.A. § 1962 and applicable State law.

ment is utterly extinguished after the expiration of ten years from the date of entry.

(citations omitted). In its conclusion, this court held:

[T]his court emphasizes it does not condone efforts by judgment debtors to secrete assets to avoid payment of judgments.... The reason for our holding is simply our recognition of the public policy of this State as expressed in the statutes to limit the life of judgments to ten years. A judgment creditor should recognize this policy and proceed expeditiously to conclude his efforts to collect his judgment within the ten year period.

*Id.*

Home Port contends the enforcement period should be tolled at some undefined point prior to its expiration while Moore was absent from South Carolina. According to Home Port, section 15–3–30 provides for tolling here. Specifically, section 15–3–30 provides as follows:

If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

Home Port cites *Commercial Credit Loans, Inc. v. Riddle,* 334 S.C. 176, 512 S.E.2d 123 (Ct.App.1999), arguing it establishes that the ten-year enforcement period may be interrupted and tolled if a party can demonstrate that the judgment debtor was out of the state and unavailable. We reject Home Port's reading of *Commercial Credit.* Commercial Credit obtained a default judgment in Illinois on May 27, 1986 and subsequently brought an action in South Carolina to domesticate the foreign judgment. The judgment was enrolled in the Book of Abstracts for Newberry County on February 21, 1989. The dispute in *Commercial Credit* focused on determining the commencement date of the enforcement period in South Carolina in accordance with section 15–39–30. In the trial court,

the special referee found the commencement of the South Carolina enforcement period related back to the date of entry of the judgment in Illinois, a position which this court rejected:

> Our state courts have held that a judgment is extinguished ten years from the date of entry. The institution of an action to domesticate a foreign judgment specifically contemplates that a South Carolina judgment will be issued by a South Carolina court. At that point, pursuant to section 15–35–810, this South Carolina judgment may then be abstracted and indexed so as to constitute a lien upon the debtor's real property for a period of ten years. It logically follows that section 15–39–30 also deals with the date of original entry of the South Carolina judgment which may then be executed upon for a period of ten years. In the context of this case, the Illinois judgment was transmuted into a South Carolina judgment when it was domesticated and the judgment duly enrolled on February 21, 1989. Thus, both the ten year lien period on real estate, and the ten year period for enforcement of the judgment began on that date.

*Id.* at 181–82, 512 S.E.2d at 126. (citations and footnote omitted).

Here, pursuant to the mandate of 28 U.S.C.A. § 1962, the commencement of the ten-year enforcement period in South Carolina is indisputably March 20, 1989. Moreover, contrary to Home Port's assertion, *Commercial Credit* does not hold that the enforcement period under section 15–39–30 may be tolled after it begins. Indeed, *Commercial Credit* recognizes "the policy of this state to limit the life of a judgment to ten years" and further asserts the ten-year "enforcement period cannot be tolled." *Id.* at 185, 183, 512 S.E.2d at 128, 127.[2]

---

**2.** *Commercial Credit* was decided prior to South Carolina's adoption of UEFJA. UEFJA, however, does not alter the court's analysis or result in *Commercial Credit*. Since Home Port's underlying foreign judgment originated in a federal district court in South Carolina, 28 U.S.C.A. § 1962 requires a finding that the South Carolina enforcement period began on March 20, 1989, the date the federal court judgment was rendered in South Carolina. As Home Port candidly acknowledges, its federal court judgment "is in practical effect a South Carolina judgment."

██ Home Port additionally cites a number of cases which allow the tolling of a statute of limitations under a variety of circumstances involving the application of the discovery rule [3] to a potential cause of action, but none applies the discovery rule to delay or interrupt the running of the ten-year enforcement period in section 15–39–30 after entry of the judgment in South Carolina. The public policy in favor of extinguishment as set forth in *Wells* is much stronger than a policy allowing the tolling of the enforcement period once it commences. The burden lies with the judgment creditor to know the policy of South Carolina and to ensure collection on the judgment. *Wells*, 299 S.C. at 22, 382 S.E.2d at 16. The application of the discovery rule to "causes of action" prejudgment simply does not have the same efficacy postjudgment after the section 15–39–30 statutory enforcement period has commenced.[4]

## CONCLUSION

We find, as many courts of this State before us, that a judgment is "utterly extinguished" ten years from the date of its entry and the ten-year enforcement period cannot be tolled. *See, e.g., Garrison*, 258 S.C. at 446–47, 189 S.E.2d at 33. Such a holding honors the clear legislative intent in section 15–39–30 precluding "any renewal" beyond the ten-year period of "active energy." Accordingly, since Home Port's judgment was extinguished in South Carolina on March 20, 1999, the judgment of the circuit court is

**AFFIRMED.**

HEARN, C.J., and HOWARD, J., concur.

---

**3.** Under the discovery rule, "the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 327 S.C. 116, 119, 489 S.E.2d 615, 616 (1997).

**4.** Home Port submitted an affidavit detailing various attempts to locate Moore. Close scrutiny of this affidavit reveals that Home Port made little or no effort to locate Moore from 1993 through 1998. In light of our holding that tolling is not available to extend the ten-year enforcement period, we need not determine the nature of Home Port's diligence throughout the ten-year period.