616 S.E.2d 429

**David CARR, Appellant,**

**v.**

**Marion T. GUERARD, Edward P. Guerard, Jr., and Thomas Guerard, Respondents.**

**No. 26011.**

Supreme Court of South Carolina.

Heard June 2, 2005.

Decided July 11, 2005.

152

Chalmers Carey Johnson, of Charleston, for Appellant.

Mark Wester McKnight, of Charleston, for Respondents.

Justice PLEICONES:

This is a fraudulent-transfer case based on the Statute of Elizabeth.[1]  Appellant Carr (Carr) commenced the action on January 11, 2002, alleging that Respondent Edward P. Guerard, Jr. (Guerard) fraudulently concealed transfers of money to the other respondents, Guerard's wife and son.  According to Carr's complaint, Guerard concealed the transfers to avoid satisfaction of a judgment entered by confession on June 14, 1991.[2]  The circuit court granted Guerard's motion for sum-

---

1.  S.C.Code Ann. §§ 27–23–10 through 27–23–90 (1991 and Supp.2004).

2.  The judgment was originally obtained by Development Business Corporation, of which Carr was an officer.  The judgment was assigned to

mary judgment, holding that Carr's fraudulent-transfer action was, in reality, an action on the judgment that was more than ten years old. We certified the case pursuant to Rule 204(b), SCACR, and we affirm.

## FACTS

The judgment was entered on June 14, 1991. Throughout the next ten years, Carr actively sought but was unable to locate assets of Guerard to satisfy the judgment. On January 11, 2002—ten years and seven months after entry of the judgment—Carr brought this action based on the Statute of Elizabeth. Carr alleges that beginning in 1997, Guerard wrote checks to his wife and son on funds that should have been used to satisfy the judgment. Carr further alleges that Guerard fraudulently concealed the transfers to avoid fulfilling his obligation to Carr.

Guerard and the other respondents moved for summary judgment, arguing that Carr's action was an action to recover on the 1991 judgment and that the judgment was stale because it was over ten years old. The circuit court agreed and granted summary judgment to the respondents.

On appeal, Carr argues that his fraudulent-transfer action is not an action to recover on the judgment but rather an independent action. Further, Carr claims, the statute of limitations in South Carolina Code section 15–3–530 [3] applies, and Carr asserts he brought this action within the limitations period.

## ISSUE

Whether the circuit court erred in holding that Carr is prevented from pursuing his fraudulent-transfer action because his judgment is more than ten years old.

## ANALYSIS

The Statute of Elizabeth renders void any transfer of property made with "intent or purpose to delay, hinder, or

---

Carr in 2000. For simplicity, we hereinafter refer to Carr and the corporation collectively as "Carr."

3. S.C.Code Ann. § 15–3–530 (Supp.2003).

defraud creditors and others." S.C.Code Ann. § 27–23–10 (Supp.2004). The statute may be employed by any creditor, including a judgment creditor. *Future Group, II v. Nationsbank,* 324 S.C. 89, 98, 478 S.E.2d 45, 50 (1996); *Lebovitz v. Mudd,* 293 S.C. 49, 52–53, 358 S.E.2d 698, 700–01 (1987). When a judgment creditor is the plaintiff, the statute limiting the time for executing on judgments to ten years might also apply. S.C.Code Ann. § 15–39–30 (1976).[4] It does here.[5]

■ There are alternate reasons that section 15–39–30 prevents Carr from succeeding in this action. First, as soon as his judgment became more than ten years old, Carr lost his judgment-creditor status. Because he is no longer a creditor, he lacks standing to bring an action under the Statute of Elizabeth.

■■ Second, and notwithstanding the absence of standing, it is apparent that Carr's fraudulent-transfer action is part of an attempt to execute on the expired judgment. Carr seeks to have the money transfers set aside so that he can attach the funds, which he says should have been used to satisfy his judgment. South Carolina courts will not permit a litigant to bypass the ten-year limitation on executions by styling an action as something other than an action to execute. *See Garrison v. Owens,* 258 S.C. 442, 445, 189 S.E.2d 31, 33 (1972) (after reviewing the complaint, which stated that the

---

4. Section 15–39–30 states:

   Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions.

5. Carr argues that the respondents are not entitled to summary judgment because there is a question of fact whether he brought this action within the time provided by the statute of limitations. Carr is correct that a three-year limitations period and the discovery rule apply to Statute of Elizabeth claims. *See* S.C.Code Ann. § 15–3–530 (Supp. 2003); *Walter J. Klein Co. v. Kneece,* 239 S.C. 478, 483–87, 123 S.E.2d 870, 873–74 (1962) (involving the 1952 Code); *Home Port Rentals, Inc. v. Moore,* 359 S.C. 230, 237, 597 S.E.2d 810, 813 (Ct.App.2004); *Commercial Credit Loans, Inc. v. Riddle,* 334 S.C. 176, 183–84, 512 S.E.2d 123, 127 (Ct.App.1999). Carr overlooks that Code section 15–39–30 also applies, rendering the statute of limitations inapposite in this particular case.

action was in equity, finding that "irrespective of this characterization which appellant seeks to apply to the nature of her cause of action, its very essence partakes of an action upon her judgment," and holding that because the plaintiff's judgment was more than ten years old, the plaintiff could not recover on it); *Hardee v. Lynch*, 212 S.C. 6,13, 46 S.E.2d 179, 182 (1948) (containing essentially the same quote and holding).

Although at this point Carr is seeking only to set aside the money transfers, he admits that his next step would be to seek to attach the subject funds. The only way for him to do that would be to try to execute on his judgment, which is stale. It would be a meaningless exercise to permit the setting aside of the transfers despite Carr's inability to effectively take any subsequent action. Thus, under the rationale of *Garrison* and *Hardee*, Carr's Statute of Elizabeth action must fail.

## CONCLUSION

Carr is no longer a judgment creditor and lacks standing to bring this action under the Statute of Elizabeth. In addition, Carr's fraudulent-transfer action is actually an impermissible attempt to circumvent the bar to his executing on the expired judgment. For these alternate reasons, the circuit court's decision to grant summary judgment to the respondents is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.