632 S.E.2d 862

**HOME PORT RENTALS, INC., Petitioner,**

v.

**Roger MOORE, Respondent.**

No. 26182.

Supreme Court of South Carolina.

Heard June 8, 2006.

Decided July 10, 2006.

494

M. Dawes Cooke, Jr. and Phillip S. Ferderigos, both of Barnwell, Whaley, Patterson & Helms, of Charleston, for Petitioner.

Thomas W. Bunch II and L. Jefferson Davis IV, both of Robinson, McFadden & Moore, of Columbia, for Respondent.

Acting Justice KING:

This is a judgment-execution case. The circuit court granted summary judgment in favor of Roger Moore (Respondent) against Home Port Rentals, Inc. (Petitioner), holding that South Carolina's ten-year limitations period for execution [1] is not tolled for time during which a judgment debtor is out of state. The Court of Appeals affirmed. *Home Port Rentals, Inc. v. Moore*, 359 S.C. 230, 597 S.E.2d 810 (Ct.App.2004). This Court granted a writ of certiorari to review the Court of Appeals' opinion. We affirm as modified.

## FACTS

On March 20, 1989, the United States District Court for the District of South Carolina entered judgment against Respondent and in favor of Petitioner. Petitioner thereafter tried to locate Respondent in order to execute on the judgment, but could not do so until January 1999.

On July 14, 2000, Petitioner filed an action for declaratory judgment in the circuit court. Petitioner sought a declaration that the 1989 judgment was still effective, arguing that the ten-year limitations period for execution had been tolled for the time during which Respondent was absent from South

---

1. S.C.Code Ann. § 15–39–30 (2005).

Carolina—the entire eleven-year period following entry of the judgment. The parties filed cross-motions for summary judgment, and the circuit court granted summary judgment to Respondent. The court held that the 1989 judgment was no longer valid because it was more than ten years old. The Court of Appeals affirmed.

## ISSUE

Whether the Court of Appeals erred in holding that the 1989 judgment is no longer valid because it is more than ten years old.

## ANALYSIS

The judgment of the federal district court was enrolled, and therefore became a South Carolina judgment, when it was entered on March 20, 1989. Under the Uniform Enforcement of Foreign Judgments Act,[2] the 1989 judgment of the federal district court is a "foreign judgment." S.C.Code Ann. § 15–35–910(1) (2005). Ordinarily, a foreign judgment must be enrolled in this state in order to be effective as a South Carolina judgment. Under federal law, however, a judgment of the United States District Court for the District of South Carolina is effectively a South Carolina judgment. The United States Code provides:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.

28 U.S.C.A. § 1962 (West 1994).

Consequently, South Carolina law determines the date on which the federal court's judgment became a lien in South Carolina.

South Carolina Code section 15–35–810 applies the federal statute and provides that a judgment of the United States District Court for the District of South Carolina

---

2. S.C.Code Ann. §§ 15–35–900 through –960 (2005).

shall constitute a lien upon the real estate of the judgment debtor situate[d] in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, the lien to begin from the time of such entry on the book of abstracts and indices and to continue for a period of ten years from the date of such final judgment....

S.C.Code Ann. § 15-35-810 (2005).

As the Court of Appeals held, therefore, the district court's judgment became effective when it was entered on March 20, 1989.

As stated above, Petitioner filed this declaratory-judgment action on July 14, 2000, more than ten years after entry of the 1989 judgment. South Carolina Code section 15-39-30 provides:

Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions.

This Court has consistently held that under the statute, a judgment becomes stale and a judgment lien is extinguished after ten years. *See, e.g., Garrison v. Owens,* 258 S.C. 442, 446–47, 189 S.E.2d 31, 33 (1972); *Hardee v. Lynch,* 212 S.C. 6, 46 S.E.2d 179 (1948). In so holding, the Court has reasoned, "A judgment lien is purely statutory, its duration as fixed by the legislature may not be prolonged by the courts and the bringing of an action to enforce the lien will not preserve it beyond the time fixed by statute, if such time expires before the action is tried." *Garrison,* 258 S.C. at 446–47, 189 S.E.2d at 33 (citations omitted).

According to Petitioner, the legislature has provided for the prolonging of the existence of the judgment and lien in at least one situation. Relying on South Carolina Code section 15-3-30,[3] Petitioner argues the ten-year period provided by section

---

3. S.C.Code Ann. § 15-3-30 (2005).

15-39-30 may be tolled for time that a judgment debtor spends out of the state. We disagree.

Section 15-3-30 provides:

> If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

We agree with the Court of Appeals that the statute does not apply here. Unlike the Court of Appeals, however, we look no further than the language of section 15-3-30 to reach this conclusion. The plain wording[4] of section 15-3-30 provides that the statute applies to the accrual of a "cause of action" and the statutory time period within which to bring the action. The statute does not refer to the statutory time period within which to execute an already obtained judgment. Contrary to Petitioner's argument, the right to execute on a judgment does not constitute a cause of action. Indeed, execution is not initiated by bringing an action.

Consequently, section 15-3-30 cannot operate to toll the ten-year execution period. While the limitations period for bringing an action may be tolled if the defendant is absent from the state, the period for executing an already obtained judgment may not. The decision of the Court of Appeals is therefore

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

4. "Under our general rules of construction, the words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *State v. Muldrow*, 348 S.C. 264, 268, 559 S.E.2d 847, 849 (2003).