**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jaber Investments, LLC, Appellant,

v.

Sleep King, LLC and Christopher C. Morris, Respondents.

Appellate Case No. 2020-000561

———————————

Appeal From Dorchester County
James E. Chellis, Master-in-Equity

———————————

Unpublished Opinion No. 2022-UP-310
Submitted June 1, 2022 – Filed July 27, 2022

———————————

**AFFIRMED**

———————————

Kerry W. Koon, of Kerry W. Koon, Attorney at Law, of Charleston, for Appellant.

Christopher C. Morris, pro se, for Respondents.

———————————

**PER CURIAM:**  Jaber Investments, LLC appeals the master in equity's determination that the active energy of its judgment against Sleep King, LLC had expired.  On appeal, it argues the master erred in finding it filed its motion for supplemental proceedings fifty-two days after the ten-year judgment period had expired.  We affirm.

On October 22, 2009, the circuit court issued a Form 4 order that granted Jaber's motion for entry of default but indicated "formal order to follow." On January 19, 2010, the circuit court filed the formal order for entry of default and judgment by default. On January 21, 2020, the last possible day for Jaber to execute its judgment against Sleep King, Jaber had not executed its judgment. Therefore, we hold the master did not err in denying Jaber's motion for supplemental proceedings because Jaber's ten-year window to execute its judgment against Sleep King had expired. *See Com. Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 185, 512 S.E.2d 123, 128 (Ct. App. 1999) (stating the public policy in our state is to limit the life of a judgment to ten years); S.C. Code Ann. § 15-39-30 (2005) ("Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof, and this whether any return may or may not have been made during such period on such executions."); *Gordon v. Lancaster*, 425 S.C. 386, 390, 823 S.E.2d 173, 175 (2018) ("According to [section 15-39-30's] plain language, a creditor has ten years to execute on the judgment from the date of its entry, a time period that cannot be renewed."); *id.* at 390-91, 823 S.E.2d at 175 (reinstating our state's "traditional bright-line rule" that a "creditor has ten years to execute on [a] judgment from the date of its entry, a time period that cannot be renewed"); *id.* at 393, 823 S.E.2d at 176 ("[W]e decline to judicially adopt an exception to the bright-line rule that a judgment expires after ten years from its enrollment.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.