**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cynthia Holmes, M.D., Respondent/Appellant,

v.

Haynsworth Sinkler Boyd, P.A., successor to Sinkler & Boyd, P.A., Manton Grier and James Y. Becker, Defendants,

Of which Haynsworth Sinkler Boyd, P.A., successor to Sinkler & Boyd, P.A., is the Appellant/Respondent.

Appellate Case No. 2020-000968

_____

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

_____

Unpublished Opinion No. 2024-UP-125
Submitted March 1, 2024 – Filed April 17, 2024

_____

**REVERSED**

_____

Mary M. Caskey, of Haynsworth Sinkler Boyd, P.A., of Columbia, for Appellant/Respondent.

Chalmers C. Johnson, of Port Orchard, Washington, for Respondent/Appellant.

_____

**PER CURIAM:**  This cross-appeal originates from a legal malpractice lawsuit brought by Cynthia Holmes, M.D. (Dr. Holmes) in 2002 against Haynsworth Sinkler Boyd, P.A. (HSB).  The circuit court issued sanctions against Dr. Holmes, and HSB eventually obtained a judgment (the Judgment) against her that is now in excess of $400,000.  HSB appeals the circuit court's denial of its motion for execution of the Judgment.[1]  We reverse.

## FACTS/PROCEDURAL HISTORY

In 1999, HSB represented Dr. Holmes in an unsuccessful lawsuit against East Cooper Hospital relating to her hospital privileges.  Dr. Holmes then unsuccessfully sued HSB for legal malpractice, and the circuit court granted HSB sanctions against Dr. Holmes, which the supreme court affirmed.  *See Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, 408 S.C. 620, 641, 760 S.E.2d 399, 410 (2014) *abrogated on other grounds by Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 787 S.E.2d 485 (2016).  HSB obtained the Judgment against Dr. Holmes on November 18, 2009.[2]  The Charleston County Sheriff's Office's return on execution of the debt was nulla bona in December 2016.  In 2017, HSB instituted supplemental proceedings to collect the Judgment, and the circuit court directed Dr. Holmes to provide documentation of assets to HSB.  Dr. Holmes failed to comply with the circuit court's order and more sanctions were issued against her.  She has filed multiple unsuccessful petitions and motions, a lawsuit against a circuit court judge and other parties, and a federal court action but has never complied with the circuit court's order.  HSB determined that Dr. Holmes owns a one-half interest in property on Sullivan's Island, and the court scheduled a hearing for April 2019 to determine whether the property could be sold.

However, Dr. Holmes filed for bankruptcy in March 2019, thereby staying HSB's ability to collect the Judgment.  *See In re Holmes*, 631 B.R. 395, 397 (Bankr.

---

[1] This court issued an order on February 4, 2021, dismissing Dr. Holmes's cross-appeal in part.  The order specified that the only orders remaining on appeal before this court are the June 10, 2020 order from the circuit court and the circuit court's June 26, 2020 denial of HSB's motion to reconsider.  Dr. Holmes does not address these orders in her appellant's brief.  Therefore, she has abandoned her cross-appeal.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement in the appellate brief, the party is deemed to have abandoned the issue on appeal).

[2] The original amount of the Judgment was $200,000.

D.S.C. 2021). Her only significant debt was the Judgment. *Id.* at 398. The bankruptcy was discharged on May 12, 2020, and the Judgment remained. HSB filed an Emergency Motion for Expedited Order of Execution with the circuit court on May 14, 2020, which requested relief before June 11, 2020, and stated:

> Time is of the essence . . . because the expiration of the Judgment, which was originally scheduled to expire on November 9, 2019, was stayed and extended until after the expiration of the automatic stay . . . . Emergency and expedited relief is appropriate because of the significant delay and hindrance caused by Holmes prior to her bankruptcy filing. To deny [HSB] this relief would be to reward Holmes for dilatory efforts and would result in significant inequity to HSB.

The circuit court ruled on HSB's motion without a hearing because of the Coronavirus pandemic. The circuit court's order cited statutory and case law precedent concerning the ten-year limit on enforcement of judgments. However, the circuit court did not identify the date it considered the Judgment to have expired nor did it discuss the specific circumstances of the case before it. The circuit court denied HSB's motion and its motion to reconsider. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in denying HSB's motion for expedited execution?

## STANDARD OF REVIEW

"The interpretation of a statute is a question of law." *First Citizens Bank & Tr. Co. v. Taylor*, 431 S.C. 149, 157, 847 S.E.2d 249, 253 (Ct. App. 2020) (quoting *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013)). "This Court may interpret statutes, and therefore resolve this case, 'without any deference to the court below.'" *Id.* (quoting *Brock v. Town of Mt. Pleasant*, 415 S.C. 625, 628, 785 S.E.2d 198, 200 (2016)).

## LAW/ANALYSIS

HSB argues that although the circuit court must have found the Judgment expired during Dr. Holmes's bankruptcy case, the expiration of the Judgment against Dr.

Holmes would have expired no earlier than June 11, 2020, because it was stayed by the Bankruptcy Code.  HSB claims it has pursued its rights in a diligent manner but Dr. Holmes has hindered its efforts through baseless filings and disregard for the courts' orders.  We agree.

Section 15-39-30 of the South Carolina Code (2005) provides that "[e]xecutions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof and shall have active energy during such period, without any renewal or renewals thereof."  "According to the statute's plain language, a creditor has ten years to execute on the judgment from the date of its entry, a time period that cannot be renewed." *Gordon v. Lancaster*, 425 S.C. 386, 390, 823 S.E.2d 173, 175 (2018).  Our supreme court has "decline[d] to judicially adopt an exception to the bright-line rule that a judgment expires after ten years from its enrollment." *Id.* at 393, 823 S.E.2d at 176.

Pursuant to Title 11, Section 362(a)(2) of the United States Code (2020), a bankruptcy petition operates as an automatic stay to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."  Further, section 108(c) provides:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then *such period does not expire until* the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) *30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . .*

11 U.S.C. § 108(c) (emphases added).  During Dr. Holmes's bankruptcy case, the bankruptcy court considered whether "the Judgment ha[d] expired because it [was] over ten years old, and thus there [was] no longer a debt to discharge." *In re Holmes*, 610 B.R. 541, 546 (Bankr. D.S.C. 2020).  In that case, the bankruptcy court found:

[A]lthough § 15-39-30 — an applicable nonbankruptcy
law — sets a fixed period under which a creditor may
execute on a judgment, § 108(c) of the Bankruptcy Code
provides that if a judgment's collection period expires
during the automatic stay imposed by § 362, the
collection period will be extended thirty (30) days after
the stay expires.  *See* 11 U.S.C. § 108(c).  In this case,
§ 108(c) enables HSB to collect on the Judgment for
thirty (30) days after the expiration of the automatic stay
imposed by § 362.

*Id.* at 547–548 (footnote omitted).

HSB acknowledges its position is complicated by our supreme court's decision in
*Gordon*, in which the court decided the "narrow question of whether a creditor may
execute on a judgment more than ten years after its enrollment when the time
period has expired during the course of litigation."  425 S.C. at 387, 823 S.E.2d at
173.  The *Gordon* court did not evaluate the effect of bankruptcy law on section
15-39-30 and noted that in that case a "hearing was not even held until over a year
past expiration of the time period, and an order of execution ha[d] still not been
issued."  425 S.C. at 391, 823 S.E.2d at 175.  Here, HSB asked for an expedited
order of execution two days after Dr. Holmes was discharged from bankruptcy.

In the case before us, the circuit court interpreted section 15-39-30 and the case
law to mean that a judgment expires ten years from the date of entry, "irrespective
of whether a party has filed for bankruptcy during those ten years."  We disagree.
"A federal law may either expressly or impliedly preempt a state law."  *Priester v.
Cromer*,  401 S.C. 38, 44, 736 S.E.2d 249, 252 (2012).  We find that under section
108(c) of the Bankruptcy Code, the Judgment did not expire until June 11, 2020,
thirty days after the expiration of the automatic stay imposed by section 362.

This result is bolstered by the evidence in the record of Dr. Holmes's relentless
abuse of the judicial system in an attempt to avoid HSB's efforts to collect the
Judgment.  Dr. Holmes's history of baseless motions and litigation attempts is
well-documented in this case.  The bankruptcy court noted that pending litigation
in the district court, the federal court of appeals, the bankruptcy court, this court,
and the family court would "likely consume much of, if not all, the value of the
bankruptcy estate."  *In re Holmes*, 631 B.R. at 398.  HSB's attorney's affidavit
states " the only reason that Holmes's interest in the property was not subject to an
execution and sale order prior to November 18, 2019, was because of the filing of

[the] bankruptcy case." Dr. Holmes's tactics have undeniably caused undue delay and prejudice to HSB and warrant a reversal of the circuit court's order. *Cf. Davis v. Parkview Apartments*, 409 S.C. 266, 283, 762 S.E.2d 535, 544 (2014) (finding dismissal of the pleadings was not an unduly harsh sanction in light of the plaintiff's willful and repeated failure to comply with various orders of the trial court, which resulted in unnecessary delay and prejudice to the defendants).

**CONCLUSION**

Based on the foregoing, the circuit court's order is **REVERSED**.[3]

**WILLIAMS, C.J., and KONDUROS and VERDIN, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.