**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Curtis Lemon, Appellant.

Appellate Case No. 2024-001118

———————————

Appeal From Charleston County
Alison Renee Lee, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-074
Submitted January 2, 2026 – Filed February 18, 2026

———————————

**AFFIRMED**

———————————

Chelsey Faith Marto, of The Law Office of Chelsey F. Marto, of Columbia, for Appellant.

Michael D. McMullen, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Curtis Lemon appeals the circuit court's order revoking one year for violating the conditions of his community supervision program (CSP). On appeal, Lemon argues the circuit court erred in revoking his CSP because it incorrectly found its options were limited to either revoking Lemon's CSP for up to

one year or continuing it with the existing terms and conditions in place. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold the issue on appeal is moot due to the expiration of the one-year revocation period; however, we address this issue because it is capable of repetition yet evading review. *See State v. Grissett*, 442 S.C. 183, 188, 898 S.E.2d 139, 142 (2024) (declining to "strictly apply the mootness doctrine" to an issue involving a CSP when that issue was "capable of repetition yet evading review").

We hold the circuit court did not err in finding its exercise of discretion was limited to either revoking Lemon's CSP for a period of one year or continuing his CSP under the existing terms. *See Gordon v. Lancaster*, 425 S.C. 386, 389, 823 S.E.2d 173, 174 (2018) ("The interpretation of a statute is a question of law, which an appellate court is free to decide without deference to the trial court."). Lemon averred he could not comply with certain CSP terms and conditions implemented by the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) and sought to continue the program without those terms and conditions. The circuit court determined those terms and conditions were reasonable and that Lemon willfully violated his CSP. Section 24-21-560 of the South Carolina Code (2025) assigns SCDPPPS sole discretion over the terms and conditions of individual CSP participation and sole authority to determine whether a CSP participant has violated a CSP term. *See* § 24-21-560(B) ("[T]he individual terms and conditions of a prisoner's participation shall be at the discretion of [PPP] based upon guidelines developed by the director."); *id.* (stating PPP "must determine when a prisoner . . . violates a term of community supervision" or "should appear before the court for revocation of the [CSP]"). The statute authorizes the circuit court to determine whether a CSP participant's willful violation of their program warrants CSP revocation or the participant should continue the CSP under existing or "other" terms; however, it does not authorize the circuit court to override terms and conditions imposed at SCDPPPS's discretion. *Compare* § 24-21-560(B) (assigning SCDPPPS discretion over "the individual terms and conditions" of a CSP), *with* § 24-21-560(C) (providing that in proceedings related to CSP violations, the circuit court "shall determine whether . . . (1) the terms of the [CSP] are fair and reasonable; (2) the prisoner has complied with the terms of the [CSP]; (3) the prisoner should continue in the [CSP] under the current terms; (4) the prisoner should continue in the [CSP] under other terms and conditions as the court considers appropriate; [and] (5) the prisoner has wil[l]fully violated a term of the [CSP]"). Upon finding a participant willfully violated their CSP, the circuit court may continue the CSP and impose other terms or conditions, or revoke the CSP for up to one year. *See* § 24-21-560(C) ("If the

court determines that a prisoner has wil[l]fully violated a term or condition of the [CSP], the court may impose any other terms or conditions considered appropriate and may continue the prisoner on community supervision, or the court may revoke the prisoner's community supervision and impose a sentence of up to one year for violation of the [CSP].").  Lemon does not dispute that the terms and conditions of his CSP were fair and reasonable or that he willfully violated those terms.  Thus, we hold the circuit court did not err in finding it could exercise discretion only insofar as to determine whether to revoke Lemon's CSP for up to one year or continue it with the existing terms and conditions in place.

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.